IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO: 3:16-bk-05597 |
| Laura Jean Hailey ) | |
| xxx-xx-6523 ) | CHAPTER 13 |
| ) | JUDGE: Charles M. Walker |
| Debtor. ) | |

**EXPEDITED MOTION TO MODIFY CHAPTER 13 PLAN TO PROVIDE FOR CLAIM OF INLAND BANK/INSOLVE AUTO FUNDING AS A LONG-TERM CLAIM PURSUANT TO § 1322(b)(5)**

Comes now the Debtor, through counsel, and moves the Court for permission to incur debt for the purchase of an automobile. In support of this motion it would be shown to the Court as follows:

1. **Expedited Relief Requested**: Debtor was involved in an automobile accident on August 25, 2017, rendering her 2015 Hyundai Elantra a total loss. The car was financed on an Inland Bank Loan and was being paid through the Chapter 13 Plan. The Debtor had the car insured through Farm Bureau Insurance, which paid the insurance proceeds in the amount of $12,480.18 to Capital Recovery Group on September 21, 2017. Inland Bank Auto Loan has approved a new loan for a replacement vehicle, and a copy of the approval letter is attached to this motion.

2. **Reason for Urgency:** The Debtor is in need of reliable transportation and projects she can afford approximately $14,000 on a 60-month loan at 22%. The payment is projected to be approximately $375.93 per month on the new loan. The Debtor seeks permission to modify her Chapter 13 plan to provide for claim of Inland Bank/InSolve Auto Funding as a long-term claim per 11 U.S.C. §1322(b)(5).

3. **INFORMATION IN SUPPORT OF THE MOTION**: The Debtor seeks to finance a 2016 Hyundai Sonata SE sedan, VIN#SNPE24AF6GH334251("motor vehicle"). The amount to be financed is $13,608.55 at a rate of 22%, to be paid by the Trustee with an ongoing monthly payment of $375.93 beginning November 6, 2017 as a class 3 creditor.

a. Inland Bank/InSolve Auto Funding shall be paid as a Class 3 creditor upon the filing of an approved Proof of Claim.

b. Debtor shall maintain full coverage insurance on the motor vehicle and list Inland Bank as the loss payee.

c. The Debtor waives discharge of this post-petition debt to Inland Bank. Inland Bank/InSolve Auto Funding's claim for post-petition financing is a continuing debt under 11 U.S.C. § 1328(a)(1) and is not subject to discharge thereunder.

d. The claim of Inland Bank/InSolve Auto Funding shall be treated by the Trustee as a long-term obligation pursuant to 11 U.S.C. § 1322(b)(5), and the Trustee need not allocate interest and principal in the disbursements to Inland Bank.

e. The Order Confirming Chapter 13 Plan shall be modified to provide that the Debtor's obligation to Inland Bank/InSolve Auto Funding is a secured obligation and shall be paid directly by the debtor after completion of the Chapter 13 plan pursuant to the terms of the agreement between the Debtor and Inland Bank.

f. Should the Debtor default on the plan payments or insurance, Inland Bank shall notify Debtor and Debtor's counsel of the default and, if the default is not cured within ten (10) days of such notice, Inland Bank may thereupon have relief from the automatic stay of 11 U.S.C. §362(a) by the filing of a "Notice of Default Constituting Order of Relief From Stay" without the necessity of the filing of a motion for a hearing in this Court.

4**.** **PROPOSED DATE FOR HEARING:** Debtor proposes that this Expedited Motion be set for hearing on Wednesday, October 18, 2017, at 8:30 am in Courtroom 1, Customs House, 701 Broadway, Nashville, Tennessee, allowing at least one week's notice to the parties involved, or on the next available docket this Court deems appropriate.

## STATEMENT OF IMPACT

1. This modification doesn't anticipate a change in the chapter 13 plan payment.

2. The base shall remain unchanged.

3. Except as set forth herein, all other plan provisions of the Order confirming the Debtors' Chapter 13 plan remain unaffected by this modification and no other creditors are affected by this modification.

4. The Debtor's Chapter 13 plan allows such modification and will allow the Debtor to successfully complete her Chapter 13 plan and reorganize her estate.

5. An amended monthly budget is attached hereto as Exhibit B.

6. The dividend to unsecured creditors shall remain 20%.

7. No other terms of the confirmation order shall be affected by this modification.

**Wherefore**, Debtor requests the Court to grant this motion and allow the Debtor to incur debt for the purchase of a replacement automobile,

Respectfully submitted,

**/s/Lewis G. Burnett, Jr.**
**Lewis G. Burnett, Jr. Reg. #6463**
Attorney for Debtor
Long, Burnett, & Johnson PLLC
302 42nd Ave. No.
Nashville, Tennessee 37209
(615) 386-0075 phone (615) 864-8419 fax
ecfmail@tennessee-bankruptcy.com

Draft

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO: 3:16-bk-05597 |
| Laura Jean Hailey ) | |
| xxx-xx-6523 ) | CHAPTER 13 |
| ) | JUDGE: Charles M. Walker |
| Debtor. ) | |

### EXPEDITED ORDER GRANTING MOTION TO MODIFY CHAPTER 13 PLAN TO PROVIDE FOR CLAIM OF INLAND BANK/INSOLVE AUTO FUNDING AS A LONG-TERM CLAIM PURSUANT TO § 1322(b)(5)

It appears to the United States Bankruptcy Court for the Middle District of Tennessee that the debtor filed a Motion to Modify Chapter 13 plan and provide for claim of Inland Bank/InSolve Auto Funding as a long-term claim per § 1322(b)(5) and notice of said motion has been given pursuant to L.B.R. 9013-1 to all parties in interest. It further appears to the Court no objections or responses have been forthcoming from any party in interest.

It is therefore ORDERED as follows:

1. The Debtor shall be permitted to modify her Chapter 13 plan to provide for claim of Inland Bank/InSolve Auto Funding as a long-term claim per 11 U.S.C. § 1322(b)(5). The amount to be financed through Inland Bank/InSolve Auto Funding shall be $13,608.55 at a rate of 22%, to be paid by the Chapter 13 Trustee with an ongoing payment of $375.93, beginning November 6, 2017.

2. Inland Bank/InSolve Auto Funding shall be paid as a Class 3 creditor upon the filing of an approved Proof of Claim.

3. The Debtor shall maintain full coverage insurance on the motor vehicle and list Inland Bank as the loss payee.

4. The Debtor shall waive discharge of this post-petition debt to Inland Bank/InSolve Auto Funding. The monthly payments to Inland Bank/InSolve Auto Funding shall be disbursed with all other Class 3 claims.

5. Inland Bank/InSolve Auto Funding's claim for post-petition financing shall be a continuing debt under 11 U.S.C. § 1328(a)(1) and is not subject to discharge.

6. This claim of Inland Bank/InSolve Auto Funding shall be treated by the Trustee as a long-term obligation pursuant to 11 U.S.C. § 1322(b)(5), and the Trustee need not allocate interest and principal in the disbursements to Inland Bank.

7. The Debtor's obligation to Inland Bank/InSolve Auto Funding is a secured obligation and shall be paid directly by the debtor after completion of the Chapter 13 plan pursuant to the terms of the agreement between the Debtor and Inland Bank/InSolve Auto Funding.

8. Should the Debtor default on the plan payments or insurance, Inland Bank/InSolve Auto Funding shall notify Debtor and Debtor's counsel of the default and, if the default is not cured within ten (10) days of such notice, Inland Bank/InSolve Auto Funding may thereupon have relief from the automatic stay of 11 U.S.C. §362(a) by the filing of a "Notice of Default Constituting Order of Relief From Stay" without the necessity of the filing of a motion for a hearing in this Court.

9. The dividend to general unsecured creditors shall remain at 20%.

10. No other terms of the confirmation order shall be affected by this modification.

**IT IS SO ORDERED.**

*This order was electronically signed and entered as indicated at the top of the first page.*

**Approved for Entry:**

/s/L.G. Burnett, Jr.
L.G. Burnett, Jr. Reg. #6463
Attorney for Debtor
Long, Burnett, & Johnson PLLC
302 42nd Ave. No.
Nashville, Tennessee 37209
(615) 386-0075
(615) 864-8419 fax
ecfmail@tennessee-bankruptcy.com